# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JOHN BELLIS,

    Plaintiff,

    v.

A.R., a minor, by and through his parent and natural guardian, Dulaney Kelly,

          Defendant,

      v.

DULANEY KELLY,

          Defendant,

      v.

JOHN DOE(s) #1,

    An unknown individual(s),

    v.

3.506 BITCOINS, 65.027 SOLANA COINS,

    *In rem* Defendants,

    v.

Payword, Inc. (d/b/a Kraken), XT.com, HTX.com, Cobo.com, Coinbase, Inc., and John Does #2,

        Relief Defendants.

Case No. 1:25-cv-14917

**PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER WITHOUT NOTICE AND PRELIMINARY INJUNCTION**

Plaintiff John Bellis hereby moves this Court for a Temporary Restraining Order issued without notice pursuant to Federal Rule of Civil Procedure 65(b)(1) and for a Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65(b)(3).

In support of his motion, Plaintiff relies on and incorporates by reference herein: the Complaint (Dkt 1); his Declaration attached hereto as **Exhibit "A";** a forensic Cryptocurrency Tracking Report prepared by Digitalmint attached hereto as **Exhibit "B"**; a forensic Computer Activity Report prepared by Prescient Comply LLC attached hereto as **Exhibit "C";** and the Declaration of Counsel attached hereto as **Exhibit "D."**

**PLAINTIFF IS THE VICTIM OF CRYPTO THEFT; HE SEEKS A TRO FREEZING THE STOLEN ASSETS AND THE RETURN OF HIS CONFIDENTIAL INFORMATION**

1.     Plaintiff is a crypto theft victim who had over 3.506 Bitcoins and 65.027 Solana Coins (the "Stolen Assets"), worth approximately $430,000 at the time, stolen from him on July 28, 2025.

2.     The thief is currently washing and laundering Plaintiff's stolen cryptocurrency through various cryptocurrency exchanges to cover his tracks, to obfuscate origin and true ownership, and to stymie asset recovery efforts and criminal investigations.

3.     Plaintiff's Stolen Assets are volatile, easily transferrable across borders, and subject to immediate concealment or liquidation.

4.     Once those assets are moved beyond traceability, Plaintiff will suffer a permanent loss that cannot be undone.

5.     No damages award could make Plaintiff whole.

6.     Time is of the essence as Plaintiff is suffering ongoing and immediate irreparable harm.

7.      On July 28, 2025, Plaintiff's stepson, A.R.,[1] with the aid and assistance of his biological father, Dulaney Kelly, and possibly other unknown John Does, stole over 3.506 Bitcoin and 65.027 Solana Coins from Plaintiff's cryptocurrency wallets.

8.      A.R. used fraudulent and illegal tactics to access Plaintiff's computer, iPhone, and cryptocurrency wallets.

9.      Once A.R. had access to Plaintiff's cryptocurrency wallets, A.R. drained Plaintiff's cryptocurrency wallets of $430,000 in Stolen Assets.

10.     Plaintiff is now forensically tracking his assets across the Bitcoin and Solana blockchain in the hopes of recovery and restitution.

11.     Plaintiff has shown a substantial likelihood of success on the merits of its claims, including conversion, replevin, fraud, misappropriation of confidential information, and violations of applicable state and federal computer protection statutes.

12.     Plaintiff has demonstrated a significant risk of irreparable harm, because the stolen cryptocurrency is readily transferable, can be dissipated instantly across borders, and once moved may become impossible to trace or recover. Monetary damages alone cannot compensate for this loss and notice to Defendants will likely accelerate the irreparable and immediate harm.

13.     Plaintiff has also shown that Defendant A.R. wrongfully obtained and retained Plaintiff's confidential information, including account credentials and security data, and that continued possession or misuse of such information threatens ongoing immediate irreparable harm.

---

[1] A.R. is currently 16 years old.  To protect his privacy, Plaintiff has used his initials in all related pleadings.

14.    The balance of equities favors Plaintiff, as Defendants have no legitimate right to stolen digital assets or confidential information, and the requested relief merely preserves the status quo.

15.    The requested injunction is in the public interest, as it prevents the laundering and concealment of stolen cryptocurrency and protects the integrity of digital account security.

**WHEREFORE**, Plaintiff respectfully moves the Court to issue an Order that preserves the status quo as follows:

1.    **Asset Freeze:**  Defendants A.R., Kelly, and Relief Defendants Kraken, XT.com, HTX.com, Cobo.com, and Coinbase, Inc., and all persons acting in concert or participation with them, are hereby restrained and enjoined from directly or indirectly transferring, selling, assigning, dissipating, concealing, or otherwise disposing of any cryptocurrency, fiat currency, or other assets in their possession, custody, or control that are traceable to Plaintiff's stolen cryptocurrency.

2.    **Identification of Assets/Accounting**:  Within five (5) days of service of this Order, A.R., and anyone acting in concert with him, shall provide Plaintiff's counsel and the Court with a sworn accounting identifying:

    a.    All wallets, accounts, or custodial platforms in which he holds cryptocurrency or digital assets; and

    b.    All transactions or transfers involving the stolen assets or their proceeds.

3.    **Return of Confidential Information**:  Defendant A.R., and anyone acting in concert with him, shall, within 48 hours of service of this Order:

    a.    Return to Plaintiff all of Plaintiff's confidential information in his possession, custody, or control, including but not limited to account credentials, security keys,

seed phrases, authentication codes, social security numbers, financial and bank account information, and any copies thereof;

b.  Cease any use of Plaintiff's confidential information for any purpose;

c.  File with the Court and serve upon Plaintiff's counsel a sworn affidavit of compliance attesting to the full return and cessation of use of Plaintiff's confidential information.

4.    **Duration**:  This Order shall remain in effect until the Court rules on Plaintiff's motion for a preliminary injunction or further order of the Court.

5.    **Security:**  The bond requirement under Federal Rule of Civil Procedure 65(c) is hereby waived.

Dated: August 26, 2025

Respectfully submitted,

*/s/ John G. Papianou*

John G. Papianou
Edward J. Heffernan (pro hac vice forthcoming)
MONTGOMERY MCCRACKEN
WALKER & RHOADS LLP
1735 Market Street
Philadelphia, PA 19103
(215)-772-7401
jpapianou@mmwr.com
ehefferman@mmwr.com

*Counsel for Plaintiff John Bellis*